UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAY T.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C24-5009-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by failing to address relevant evidence. (Dkt. # 7.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

## II. BACKGROUND

Plaintiff was born in 1967, has a limited education, and has no past relevant work. AR at 26, 135. Plaintiff was last gainfully employed in 2016. *Id.* at 147.

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

On June 12, 2020, Plaintiff applied for benefits, alleging disability as of August 2019. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on November 9, 2022, the ALJ issued a partially favorable decision finding Plaintiff disabled beginning in November 2022. *Id.* at 17-28, 74-113.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff had the severe impairments of carpal tunnel syndrome, arthritis, degenerative disc disease of spine, hypertension, gastroesophageal reflux disease, obesity, and cardiomyopathy. AR at 20. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, frequently handling and fingering, occasionally stooping, crouching, or climbing ramps or stairs, never crawling, kneeling, or climbing ropes, ladders, or scaffolds, and avoiding cold, vibrations, hazards, and heights. *Id.* at 22.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

---

[2] 20 C.F.R. § 416.920.

(cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Plaintiff contends the ALJ ignored evidence supporting cervical radiculopathy; specifically, an EMG/nerve conduction test, diminished motor strength, and hypermobile cervical joints with positive Spurling's test. (Dkt. # 7 at 3-4 (citing AR at 581, 583, 642-43, 774-75, 780).) The Commissioner contends the ALJ properly addressed the evidence as required, and substantial evidence supports the ALJ's decision. (Dkt. # 10 at 3-4.)

The ALJ summarized the relevant medical evidence, assessed Plaintiff's testimony and found it inconsistent with the longitudinal evidence, evaluated the medical opinion in the record, and addressed the lay witness statements. AR at 22-25. Plaintiff does not challenge the ALJ's assessment of her testimony, the medical opinion, or the lay witness statements.

Instead, Plaintiff contends the ALJ ignored evidence that many of her symptoms originated from her cervical spine. (Dkt. ## 7 at 3, 11 at 2.) Plaintiff's argument misrepresents

ORDER - 3

the ALJ's decision. The ALJ specifically noted a provider's assessment that "most of [Plaintiff's] symptoms appeared to be coming from cervical stenosis." AR at 23. The ALJ found these "workup findings suggest some limitation, but not to the extent alleged." *Id.* Plaintiff has identified no error in the ALJ's analysis.

Moreover, to the extent Plaintiff argues the ALJ erred by failing to interpret raw medical findings, the Court rejects this argument. "[A]s a lay person, an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'" *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam)); *see also Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (An ALJ, "who was not qualified as a medical expert, should not have gone outside the record to medical textbooks for the purpose of making his own exploration and assessment as to claimant's physical condition."); *Moghadam v. Colvin*, 2016 WL 7664487, at *6 (W.D. Wash. Dec. 21, 2016) ("[A]n ALJ is not permitted to play doctor.").

Rather than ALJs, it is medical experts who are qualified to interpret raw medical evidence in functional terms. *Cf.* 20 C.F.R. § 416.913(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairments"). Plaintiff does not challenge the ALJ's assessments of any medical opinion in the record. *See* AR at 25-26.

Plaintiff argues it is "unclear" whether the RFC includes limitations related to cervical radiculopathy. (Dkt. # at 4.) This unformed argument fails to challenge the ALJ's analysis or identify a specific error in the decision. *See Molina*, 674 F.3d at 1111. Plaintiff's conclusory assertion also fails to meet the requirements necessary to present an issue for appellate review. *See Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350

ORDER - 4

F.3d 925, 929 (9th Cir. 2003). The Court concludes Plaintiff has failed to establish the ALJ harmfully erred.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 1st day of July, 2024.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5